UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RONALD LEE COLEMAN, | ) |
| Petitioner, | ) |
| v. | ) No. 2:17-cv-00308-WTL-DLP |
| S. JULIAN, | ) |
| Respondent. | ) |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Petitioner Ronald Lee Coleman seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argues that he is entitled to relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016), because he does not have the necessary predicate convictions to qualify as a career offender under Section 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). For the reasons explained below, his petition is **denied**.

## I. Factual and Procedural Background

Coleman is an inmate currently housed at the United States Penitentiary, located in Terre Haute, Indiana. Coleman was indicted in the Northern District of Iowa in *United States v. Coleman*, CR 07-66-1-LLR (N.D. Iowa). He pleaded guilty to one count of conspiracy to distribute 100 kilograms or more of marijuana after a prior felony drug conviction, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851 (Count 1) and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(i) and 1956(h) (Count 2).

Coleman's presentence report identified several prior convictions. (Dkt. No. 18, PSR ¶¶ 78-86, 93-104, 107-111.) The two convictions identified for purposes of the career offender enhancement were a 1995 Iowa conviction for third degree burglary, in violation of Iowa Code

§ 713.6A, and attempted third degree burglary, in violation of Iowa Code § 713.6B. (PSR ¶¶ 82, 86.) Based on these prior convictions, the sentencing court found Coleman to be a career offender under § 4B1.1.

Excluding the career offender designation, Coleman's Guidelines range was 188 to 235 months' imprisonment. (PSR ¶¶ 46-59.) With the career offender designation, Coleman's Guidelines range was 262 to 327 months' imprisonment. (PSR ¶ 182.) Coleman was sentenced to 262 months' imprisonment. When imposing the sentence, the district court considered the Section 3553(a) sentencing factors and stated:

> I want to just make a short record that even if I am incorrect about the computation of the advisory guideline sentence, I still would impose the same sentence that I'm going to impose in a few minutes for the following reasons. In other words, if I just look at the statutory factors and ignore the guidelines or the computations that I have made under the guidelines, the sentence I'm going to impose is still the right sentence for these reasons . . . .

Sentencing Hearing Transcript, CR 07-66-1-LLR (Crim. Dkt. No. 43, pg. 59.) (Transcript attached to this Entry as an Exhibit).

To date, Coleman's direct appeal and collateral attacks have been unsuccessful.[1] Now before the Court is Coleman's petition for a writ of habeas corpus under § 2241 challenging his sentence.

---

[1] Coleman raised two sentencing issues on direct appeal. The Eighth Circuit affirmed. *See United States v. Coleman*, 556 F.3d 851 (8th Cir. 2009). On January 13, 2010, Coleman filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Coleman's § 2255 motion was denied, and he was denied a certificate of appealability. Coleman filed a notice of appeal and the Eighth Circuit denied certificate of appealability and dismissed the appeal. *United States v. Coleman*, No. 13-1453 (8th Cir. Aug. 19, 2013). On June 24, 2014, Coleman filed an application for a second or subsequent § 2255 motion claiming he was entitled to relief under *Descamps v. United States*, 133 S. Ct. 2276 (2013), alleging his prior burglary convictions did not qualify as predicate convictions for career offender status under the sentencing guidelines. *Coleman v. United States*, No. 14-2507 (8th Cir. 2014). On August 16, 2014, the Eighth Circuit denied authorization to file a successive

## II. Discussion

Coleman alleges he is no longer a career offender under the Sentencing Guidelines in view of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). In particular, he claims that his convictions for burglary in Iowa no longer qualify him as a career offender under § 4B1.1 of the Sentencing Guidelines. He asks to be resentenced. The United States argues that this Court should dismiss Coleman's habeas petition because he fails to show that § 2255 is inadequate or ineffective to test the legality of his sentence. Coleman filed a reply and supplemental reply. This action is now ripe for review.

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974); *United States v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007). However, § 2255(e) provides that if § 2255 is "inadequate or ineffective to test the legality of his detention," Coleman may file an application for a writ of habeas corpus under 28 U.S.C. § 2241. Section 2255 is inadequate or ineffective if the following three requirements are met: "(1) the petitioner must rely on a case of statutory interpretation (because invoking such a case cannot secure authorization for a second § 2255 motion); (2) the new rule must be previously unavailable and apply retroactively; and (3) the error asserted must be grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017).

---

habeas motion in the district court. On November 9, 2015, Coleman filed another application to file a successive § 2255 motion alleging he was entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), because one of more of his prior convictions did not qualify as a crime of violence under § 4B1.2(a)(2). *Coleman v. United States*, No. 15-3561, (8th Cir. 2015). On August 3, 2017, the Eighth Circuit denied Coleman authorization to file a successive habeas application in the district court. *Id.*

3

Coleman has met the first two requirements to bring a § 2241 case. First, *Mathis* is a case of statutory interpretation. *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (Because *Mathis* "is a case of statutory interpretation," claims based on *Mathis* "must be brought, if at all, in a petition under 28 U.S.C. § 2241."); *Jenkins v. United States*, No. 16–3441 (7th Cir. Sept. 20, 2016) ("*Mathis* is not amenable to analysis under § 2244(b) because it announced a substantive rule, not a constitutional one."). In addition, the petition also meets the second requirement because *Mathis* is retroactive. *Holt v. United States*, 843 F.3d 720, 721-22 (7th Cir. 2016) ("substantive decisions such as *Mathis* presumptively apply retroactively on collateral review"). But the parties disagree regarding whether Coleman's petition satisfies the third requirement for relief under § 2241 – that the error is grave enough to be a miscarriage of justice. For the reasons explained below, Coleman has not suffered a miscarriage of justice and therefore cannot invoke the savings clause of 28 U.S.C. § 2255(e).

In 2016, the Supreme Court in *Mathis* clarified the process for determining whether a defendant's prior state-law conviction qualifies as a violent felony under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). 136 S. Ct. at 2248. Coleman was not sentenced under the ACCA, but he was sentenced as a career offender under § 4B1.1 of the federal sentencing guidelines.

In *Hawkins v. United States*, 706 F.3d 820, *supplemented on denial of rehearing*, 724 F.3d 915 (7th Cir. 2013), the Seventh Circuit explained that when the petitioner is sentenced under the "merely advisory" post-*Booker* Guideline regime:

> [P]ostconviction relief is [not] proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly.

4

724 F.3d at 917. Because of this, the Seventh Circuit held that "a sentence that is well below the ceiling imposed by Congress whether directly or by delegation to the Sentencing Commission" could not "be considered a 'miscarriage of justice' that can be collaterally attacked, just because the judge committed a mistake en route to imposing it." *Hawkins*, 706 F.3d at 824-25. To the contrary, "[a]n error in the interpretation of a merely advisory guideline … is not a proper basis for voiding [on postconviction review] a punishment lawful when imposed." *Id.* at 824.

"There are some errors that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim." *Pierce v. True*, No. 17-CV-696-DRH-CJP, 2018 WL 339255, at *2 (S.D. Ill. Jan. 9, 2018) (citing *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013); *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.").

The Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Coleman was sentenced on April 1, 2008, long after *Booker* was decided. The sentencing court specifically stated it would have imposed the same sentence using the statutory factors of 18 U.S.C. § 3553(a), even if it had incorrectly computed the guideline sentence. In addition, Coleman received a sentence that was within the statutory range (the maximum statutory penalty on Count 1 was life). Therefore, he cannot demonstrate a miscarriage of justice based on

the alleged miscalculation of his advisory Sentencing Guidelines so as to permit a § 2241 petition. *Rose vs. Hodges*, 423 U.S. 19, 21 (1975) ("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States.").

### III.     Conclusion

For the foregoing reasons, Coleman has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is **denied**. The dismissal of this action is with prejudice. *Prevatte v. Merlak*, No. 865 F.3d 894, 900 (7th Cir. 2017) ("petition should be dismissed with prejudice under 28 U.S.C. § 2255(e)"). Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/26/18

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

RONALD LEE COLEMAN
10089-29
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
bob.wood@usdoj.gov

**Note to Clerk: Processing this document requires actions in addition to docketing and distribution. Specifically, the Criminal Sentencing Transcript should be attached to this Entry as an Exhibit.**